1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  JOHN CASTANEDA,                        )          CV F- 04-5091 REC DLB P
                                          )
12              Plaintiff,                 )          ORDER DISMISSING COMPLAINT
                                          )          WITH LEAVE TO AMEND
13      v.                                 )
                                          )
14  CITY OF FRESNO, et.al.,                )
                                          )
15              Defendants.               )
    _____  )
16
17

18          Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action

19  pursuant to 42 U.S.C. section 1983.  Pending before the Court is the complaint, filed January 16,

20  2004.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

26  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend

27  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1        In the instant case, plaintiff brings action against the City of Fresno and the Fresno County

2   Sheriff's Department.  Plaintiff alleges that on August 7, 2003, he was detained and arrested by the

3   Fresno County Sheriff's Department and placed on a parole hold.  He was then transferred to the

4   Fresno Police Department and placed in a holding cell.  Plaintiff states that he asked to be placed in a

5   cell by himself because he was in pain and uncomfortable being around other inmates.  He was

6   placed in a cell by himself.  Plaintiff states that after a while an officer came to his cell and told him

7   to strip.  Plaintiff states that he complied but was having difficulty because he was in pain.  The

8   officer then told him to turn around, bend over and cough.  Plaintiff states that he complied despite

9   his pain.  Plaintiff states the officer was not satisfied with his slow movement and told him to do it

10  again.  Plaintiff again complied to the best of his ability.  Plaintiff states that he told the officer he

11  was in pain but this infuriated the officer who screamed, "You fucking do it."  The officer then

12  stated, "I'm going to fucking do it, but I'm first going to cuff you because I don't know what you'll

13  do to me."  The officer then handcuffed plaintiff and pushed him against the wall and performed a

14  body cavity search, causing plaintiff a great deal of pain.

15       Plaintiff made a complaint about the incident and was taken to the infirmary and eventually

16  transported to University Medical Center.  Plaintiff states that while at UMC, he was interviewed by

17  a detective from the Sexual Assault Unit.  He was also examined by a nurse for evidence of assault.

18  Plaintiff states that the nurse found evidence of a hairline skin crack on his buttocks.  Plaintiff

19  alleges the skin crack resulted from the force used by the officer in performing the body cavity

20  search.  Plaintiff alleges he was violated, humiliated and assaulted for no reason.

21       Plaintiff's allegations do not state cognizable claim for violation of his constitutional rights.

22       Plaintiff has named the City of Fresno and the Fresno County Sheriff's Department as

23  defendants.  A local government unit may not be held responsible for the acts of its employees under

24  a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658,

25  691 (1978).  Rather, to state a claim for municipal or county liability, a plaintiff must allege that he

26  suffered a constitutional deprivation that was the product of a policy or custom of the local

27  government unit.  City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Plaintiff has failed to

28

1  alleged that the described conduct was the product of a policy or custom of the City of Fresno or the

2  Fresno County Sheriff's Department and therefore, he fails to state cognizable claims against these

3  defendants.

4      With regard to the underlying allegations against the officer who is as yet unnamed, it

5  appears that plaintiff was a convicted prisoner at the time of the alleged conduct and therefore the

6  Eighth Amendment's prohibition against cruel and unusual punishment applies to his claims. Bell v.

7  Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).

8      Officials may conduct reasonable body searches of prisoners, however, the Eighth

9  Amendment protects inmates from repetitive and harassing searches. Hudson v. Palmer, 468 U.S.

10  517, 530 (1984).   "Whenever prison officials stand accused of using excessive physical force in

11  violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial

12  inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or

13  maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing

14  Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).   "In determining whether the use of force was

15  wanton and unnecessary, it may also be proper to evaluate the need for application of force, the

16  relationship between the need and the amount of force used, the threat 'reasonably perceived by the

17  responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson,

18  503 U.S. at 7.   "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but

19  does not end it." Id.

20      Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at

21  9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

22  chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028,

23  1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).   "The Eighth

24  Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from

25  constitutional recognition de minimis uses of physical force, provided that the use of force is not of a

26  sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

27      Here, the alleged conduct by the officer as described by plaintiff, does not rise to the level

28

1   required to state a claim under the Eighth Amendment.  The officer was performing a body cavity

2   search to which plaintiff admittedly was having trouble complying.  When the officer performed the

3   search himself, plaintiff was apparently injured.  While the officer's conduct may not have been

4   ideal, as described by plaintiff, the conduct was not malicious or sadistic.

5          In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court

6   will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint, keeping the

7   above standards in mind.  In order to state a claim under the Eighth Amendment, plaintiff must

8   allege that the officer's conduct was malicious and sadistic for the purpose of causing harm.  With

9   regard to the named municipalities, plaintiff must allege that the officer's conduct was a product of a

10  policy or custom of the local government unit.  Failure to cure these deficiencies will result in

11  dismissal of this action without leave to amend.

12         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

13  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

14  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

15  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

16  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

17  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

18  588 F.2d 740, 743 (9th Cir. 1978).

19         In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

23  55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer

24  serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

25  each claim and the involvement of each defendant must be sufficiently alleged.

26         In accordance with the above, IT IS HEREBY ORDERED that:

27               1.  Plaintiff's complaint is dismissed; and

28

1        2.  Plaintiff is granted thirty days from the date of service of this order to file an

2    amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

3    Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

4    number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

5    and two copies of the amended complaint; failure to file an amended complaint in accordance with

6    this order will result in dismissal of this action for failure to state a claim and failure to comply with

7    the court's order.

8        IT IS SO ORDERED.

9    **Dated:   May 19, 2006**          **/s/ Dennis L. Beck**

3b142a                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28